## Mamie Johnson, Appellee, v. The Supreme Court of the Independent Order of Foresters, Appellant.

### Gen. No. 16,897.

FRATERNAL INSURANCE—*burden of proof.* In an action on a benefit certificate, where the defense is that the insured in his application untruthfully stated that he had never had inflammation of the lungs, the burden of proof is on defendant to establish its defense by a preponderance of the evidence.

Appeal from the County Court of Cook county; the Hon. W. A. WALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

CHARLES J. KAVANAGH for appellant; G. A. HARPER, of counsel.

THURMAN, STAFFORD, HUME & BURRAS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted in the County Court by appellee against appellant to recover the amount of a benefit certificate issued by appellant to George Johnson, the father of appellee, wherein a trial by jury resulted in a verdict and judgment against appellant for $500.

The application of the insured for membership in the appellant order bears date June 14, 1907, and the benefit certificate issued to the insured by appellant bears date July 4, 1907. The insured died April 25, 1908.

The main defense interposed by appellant is that the insured in his application for the benefit certificate untruthfully answered "No" to the question whether he had ever had inflammation of the lungs.

Appellant sought to show by Dr. Maguy, a physician who attended the insured in 1900, that the insured was then ill with pneumonia, and the witness so testified on his direct examination, but on cross-examination, when his recollection had been refreshed by reference to a paper signed by him, he testified that when the insured "was first taken sick it started with grippe like, and it got settled on his lungs; he started to cough and so on, and he was sick about a week and a half or two;" that he did not think the insured was affected with anything more than grippe.

Bessie Connors, the stepdaughter of the insured, testified that upon the occasion of the insured's illness in 1900, she heard his attending physician tell him he had penumonia, and that she heard the insured say on one occasion that he had pneumonia.

Upon a consideration of the testimony of Dr. Maguy, taken in its entirety, the jury were not unwarranted in concluding that the illness with which the insured was affected in 1900 was grippe and not pneumonia. The testimony of the witness, Bessie Connors, was not calculated to strengthen appellant's case. She was only ten years of age at the time the insured was ill and when she claims to have heard the insured and his attending physician make certain statements to the effect that the insured had pneumonia. Thereafter, and prior to the death of the insured, the mother of the witness and the insured had ceased to live together as husband and wife, and the witness was evidently not friendly to the insured, or to his daughter, the appellee.

The burden was upon appellant to establish its defense by a preponderance of the evidence and this it failed to do.

The record is not free from errors of law, but as appellee is clearly entitled to recover, upon the competent evidence in the record, the judgment should not be reversed for such errors of law, which could not have appreciably operated to the prejudice of appellant.

The judgment is affirmed.

*Judgment affirmed.*